**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| | § | |
| UNILOC USA, INC. and | § | |
| UNILOC LUXEMBOURG, S.A., | § | Civil Action No. 6:16-cv-99 |
| | § | |
| Plaintiffs, | § | |
| | § | PATENT CASE |
| v. | § | |
| | § | |
| HAUWEI DEVICE USA, INC. and | § | |
| HAUWEI TECHNOLOGIES USA, INC., | § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § | |
| | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendants, Huawei Device USA, Inc. and Huawei Technologies USA, Inc. (together "Huawei"), allege as follows:

## THE PARTIES

1.      Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a placed of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.      Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.      Uniloc Luxembourg owns a number of patents in the field of unified telecommunications.  Uniloc's technologies enable unified telecommunication clients to establish and use collaborative VoIP text, media, audio and video communication solutions.

Uniloc's technologies are used in several markets, including unified communications and enterprise business VoIP telephony.

4.      Upon information and belief, Huawei Device USA, Inc. is a Texas corporation having a principal place of business at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024 and may be served with process through its registered agent in Texas: CT Corporation System, 350 North St. Paul St, Suite 2900, Dallas, Texas 75201.

5.      Upon information and belief, Huawei Technologies USA, Inc. is a Texas corporation having a principal place of business at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024 and may be served with process through its registered agent in Texas: CT Corporation System, 350 North St. Paul St, Suite 2900, Dallas, Texas 75201.

**JURISDICTION AND VENUE**

6.      Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, Huawei Device USA, Inc. and Huawei Technologies USA, Inc. are each deemed to reside in this judicial district, have committed acts of infringement in this judicial district, and/or have purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

8.      Huawei Device USA, Inc. and Huawei Technologies USA, Inc. are each subject to this Court's jurisdiction pursuant to being incorporated in Texas, due process and/or the Texas Long Arm Statute due at least to their substantial business in this State and judicial district, including: (A) at least part of their past infringing activities, and (B) regularly doing business in

Plano, Texas and (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 7,804,948)

9.      Uniloc incorporates paragraphs 1-8 above by reference.

10.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,804,948 ("the '948 Patent"), entitled SYSTEM AND METHOD FOR INITIATING A CONFERENCE CALL that issued on September 28, 2010.  A true and correct copy of the '948 Patent is attached as Exhibit A hereto.

11.     Uniloc USA is the exclusive licensee of the '948 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

12.     Upon information and belief, the following describes, at least in part, the Huawei eSpace Unified Communications (UC) Solution imported, tested, used, offered for sale and/or sold by Huawei in the United States during the pendency of the '948 Patent:



13.     Upon information and belief, the following describes, at least in part, the Huawei eSpace Unified Communications (UC) Solution imported, tested, used, offered for sale and/or sold by Huawei in the United States during the pendency of the '948 Patent:



14.     Upon information and belief, the following describes, at least in part, the Huawei eSpace Unified Communications (UC) Solution imported, tested, used, offered for sale and/or sold by Huawei in the United States during the pendency of the '948 Patent:



15.     Upon information and belief, the following describes, at least in part, the Huawei eSpace Unified Communications (UC) Solution imported, tested, used, offered for sale and/or sold by Huawei in the United States during the pendency of the '948 Patent:



16.     Upon information and belief, the following describes, at least in part, the Huawei eSpace Unified Communications (UC) Solution imported, tested, used, offered for sale and/or sold by Huawei in the United States during the pendency of the '948 Patent:



17.     Upon information and belief, the following describes, at least in part, the Huawei eSpace Unified Communications (UC) Solution imported, tested, used, offered for sale and/or sold by Huawei in the United States during the pendency of the '948 Patent:



18.     Upon information and belief, the following describes, at least in part, the Huawei eSpace Unified Communications (UC) Solution imported, tested, used, offered for sale and/or sold by Huawei in the United States during the pendency of the '948 Patent:

> **Progressive communication in various modes:**
> Handsets provide a convenient operation experience, allowing users to implement communication by a single touch. Enterprise users also want a concise and convenient experience to handle busy and frequent communication requests.
> Huawei eSpace UC solution enables progress communication from text to multimedia, from point-to-point to multi-point collaboration. With a single key, users can switch an instant messaging chat to a voice call, video call, voice conference, or multimedia conference, without interrupting the communication. In addition, users do not need to switch between different clients. Therefore, the solution delivers a smooth and convenient service experience for users during progressive communication.

19.     Huawei has directly infringed and continues to directly infringe at least claims 1, 2, 5, 6, 7, 8, 9, 10, 12, 18, 19, 20, 21, and 22 of the '948 Patent in this judicial district and elsewhere in Texas, literally and/or under the doctrine of equivalents, by or through making, testing, using, importing, offering for sale and/or selling its eSpace Unified Communications (UC) Solution, including without limitation, Huawei eSpace UC Solution V2.3 or equivalent, operating with eSpace Desktop or eSpace Mobile (HD), Huawei Service Servers, eSpace

Enhanced Communications Suite, eServer, MAA, Meeting MS, UM Server, Unified Gateway and/or other Huawei hardware or software used to enable Huawei's UC Solutions instant messaging and conference call functionality.

20.     Huawei may have infringed the '948 Patent through other software utilizing the same or reasonably similar functionality, including other versions of instant message to voice conference initiation or implementations of the eSpace Unified Communications (UC) Solution. Uniloc reserves the right to discover and pursue all such additional infringement of the '948 Patent.  For the avoidance of doubt, the Huawei eSpace Unified Communications (UC) Solution is identified for exemplary purposes and in no way limits the discovery and infringement allegations against Huawei concerning other hardware/software that incorporated the same or reasonably similar instant messaging and conference call functionality.

21.     Huawei has indirectly infringed and continues to indirectly infringe at least Claims 1 2, 5, 6, 7, 8, 9, 10, 12, 18, 19, 20, 21, and 22 of the '948 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale selling, or importation of at least Huawei's eSpace Unified Communications (UC) Solution.  Huawei's enterprise customers who purchase systems and components thereof and operate such systems and components in accordance with Huawei's instructions directly infringe one or more of the above identified claims of the '948 Patent in violation of 35 U.S.C § 271.

22.  Huawei instructs its customers in the use of the eSpace Unified Communications (UC) Solution through live and web demonstrations, training videos, brochures and administration, maintenance, installation and user guides, such as those located at the following:

http://e.huawei.com/us/marketing-material/onLineView?MaterialID={D8E0B98D-1084-4D27-B15B-8951696E9A33}

http://support.huawei.com/enterprise/docinforeader.action?contentId=DOC10
00068573&idPath=7881490|7881504|21460653|21460870|8196479

http://support.huawei.com/enterprise/docinforeader.action?contentId=DOC10
00068573&idPath=7881490|7881504|21460653|21460870|8196479

http://support.huawei.com/enterprise/docinforeader.action?contentId=DOC10
00073857&idPath=7881490|7881504|21460653|21460872|21126556

http://e.huawei.com/ae/marketing-
material/onLineView?MaterialID={B83B93BB-D596-42FC-9013-
EF4185432005}

http://e.huawei.com/us/marketing-
material/global/products/collaboration/uc/unified%20communications/hw_36
9751

http://e.huawei.com/en/marketing-
material/onLineView?MaterialID={8C31D361-8385-47E8-979E-
06BB7F83419B}

http://e.huawei.com/ae/marketing-
material/onLineView?MaterialID={9F6EAF7D-F1EC-4AAB-8DC3-
370547125765}

http://support.huawei.com/enterprise/docinforeader.action?contentId=DOC10
00073857&idPath=7881490|7881504|21460653|21460872|21126556

Huawei is thereby liable for infringement of the '948 Patent pursuant to 35 U.S.C § 271(b).

23.     Huawei has indirectly infringed and continues to indirectly infringe at least

Claims 1, 2, 5, 6, 7, 8, 9, 10, 12, 18, 19, 20, 21, and 22 of the '948 Patent, by among other things,

contributing to the direct infringement by others, including without limitation enterprise

customers of its eSpace Unified Communications (UC) Solution, by making, offering to sell, or

selling, in the United States, and/or importing a component of a patented machine, manufacture,

or combination, or an apparatus for use in practicing a patent process, constituting a material part

of the invention, knowing the same to be especially made or especially adapted for use in

infringement of the '948 Patent, and not a staple article or commodity of commerce suitable for

substantial non-infringing use.

24.     For example, the eSpace Unified Communications (UC) Software module that allows enterprise clients to initiate a conference call from a group instant message window is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such software module is a material part of the invention and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Huawei is liable for infringement pursuant to 35 U.S.C § 271(c).

25.     Huawei will have been on notice of the '948 Patent since, at the latest, the service of this complaint. By the time of trial, Huawei will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to actual infringement of at least Claims 1, 2, 5, 6, 7, 8, 9, 10, 12, 18, 19, 20, 21, and 22 of the '948 Patent.

26.     Uniloc has been damaged, reparably and irreparably, by Huawei's infringement of the '948 Patent and such damage will continue unless and until Huawei is enjoined.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 7,853,000)

27.     Uniloc incorporates paragraphs 1-26 above by reference.

28.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,853,000 ("the '000 Patent"), entitled SYSTEM AND METHOD FOR INITIATING A CONFERENCE CALL that issued on December 14, 2010.  A true and correct copy of the '000 Patent is attached as Exhibit B hereto.

29.     Uniloc USA is the exclusive licensee of the '000 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

30.     Huawei has directly infringed, and continues to directly infringe one or more claims of the '000 Patent in this judicial district and elsewhere in Texas, including at least Claims 1, 2, 5, 6, 7, 8, 9, 10, 12, 18, 19, 20, 21, 22, and 23, literally and/or under the doctrine of equivalents, by or through making, testing, using, importing, offering for sale and/or selling its eSpace Unified Communications (UC) Solution, including without limitation, Huawei eSpace UC Solution V2.3 or equivalent, operating with eSpace Desktop or eSpace Mobile (HD), Huawei Service Servers, eSpace Enhanced Communications Suite, eServer, MAA, Meeting MS, UM Server, Unified Gateway and/or other Huawei hardware or software used to enable Huawei's UC Solutions instant messaging and conference call functionality.

31.     Huawei may have infringed the '000 Patent through other software utilizing the same or reasonably similar functionality, including other versions of instant message to voice conference initiation or implementations of the eSpace Unified Communications (UC) Solution. Uniloc reserves the right to discover and pursue all such additional infringement of the '000 Patent.  For the avoidance of doubt, the Huawei eSpace Unified Communications (UC) Solution is identified for exemplary purposes and in no way limits the discovery and infringement allegations against Huawei concerning other hardware/software that incorporated the same or reasonably similar instant messaging and conference call functionality.

32.     Huawei has indirectly infringed and continues to indirectly infringe at least Claims 1, 2, 5, 6, 7, 8, 9, 10, 12, 18, 19, 20, 21, 22, and 23 of the '000 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importation of at least Huawei's eSpace Unified Communications (UC) Solution.  Huawei's enterprise customers who purchase systems and components thereof and operate such systems and components in accordance with Huawei's instructions directly

infringe one or more of the above referenced claims of the '000 Patent in violation of 35 U.S.C § 271.

33.    Huawei instructs its customers in the use of the eSpace Unified Communications (UC) Solution through live and web demonstrations, training videos, brochures and administration, maintenance, installation and user guides, such as those located at the following:

http://e.huawei.com/us/marketing-material/onLineView?MaterialID={D8E0B98D-1084-4D27-B15B-8951696E9A33}

http://support.huawei.com/enterprise/docinforeader.action?contentId=DOC1000068573&idPath=7881490|7881504|21460653|21460870|8196479

http://support.huawei.com/enterprise/docinforeader.action?contentId=DOC1000068573&idPath=7881490|7881504|21460653|21460870|8196479

http://support.huawei.com/enterprise/docinforeader.action?contentId=DOC1000073857&idPath=7881490|7881504|21460653|21460872|21126556

http://e.huawei.com/ae/marketing-material/onLineView?MaterialID={B83B93BB-D596-42FC-9013-EF4185432005}

http://e.huawei.com/us/marketing-material/global/products/collaboration/uc/unified%20communications/hw_369751

http://e.huawei.com/en/marketing-material/onLineView?MaterialID={8C31D361-8385-47E8-979E-06BB7F83419B}

http://e.huawei.com/ae/marketing-material/onLineView?MaterialID={9F6EAF7D-F1EC-4AAB-8DC3-370547125765}

http://support.huawei.com/enterprise/docinforeader.action?contentId=DOC1000073857&idPath=7881490|7881504|21460653|21460872|21126556

Huawei is thereby liable for infringement of the '000 Patent pursuant to 35 U.S.C § 271(b).

34.    Huawei has indirectly infringed and continues to indirectly infringe at least Claims 1, 2, 5, 6, 7, 8, 9, 10, 12, 18, 19, 20, 21, 22, and 23 of the '000 Patent, by among other

things, contributing to the direct infringement of others, including without limitation customers of its eSpace Unified Communications (UC) Solution, by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '000 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

35.     For example, the eSpace software module that allows clients to initiate a conference call from a group instant message window is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, such software module is a material part of the invention and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Huawei is liable for infringement pursuant to 35 U.S.C § 271(c).

36.     Huawei will have been on notice of the '000 Patent since, at the latest, the service of this complaint. By the time of trial, Huawei will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to actual infringement of at least Claims 1, 2, 5, 6, 7, 8, 9, 10, 12, 18, 19, 20, 21, 22, and 23 of the '000 Patent.

37.     Uniloc has been damaged, reparably and irreparably, by Huawei's infringement of the '000 Patent and such damage will continue unless and until Huawei is enjoined.

## COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 8,571,194)

38.     Uniloc incorporates paragraphs 1-37 above by reference.

39.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,571,194 ("the '194 Patent"), entitled SYSTEM AND METHOD FOR INITIATING A CONFERENCE CALL that issued on October 29, 2013.  A true and correct copy of the '194 Patent is attached as Exhibit C hereto.

40.     Uniloc USA is the exclusive licensee of the '194 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

41.     Huawei has directly infringed, and continues to directly infringe one or more claims of the '194 Patent in this judicial district and elsewhere in Texas, including at least Claim 1, 2, 3, 4, and 5, literally and/or under the doctrine of equivalents, by or through making, testing, using, importing, offering for sale and/or selling its eSpace Unified Communications (UC) Solution, including without limitation, Huawei eSpace UC Solution V2.3 or equivalent, operating with eSpace Desktop or eSpace Mobile (HD), Huawei Service Servers, eSpace Enhanced Communications Suite, eServer, MAA, Meeting MS, UM Server, Unified Gateway and/or other Huawei hardware or software used to enable Huawei's UC Solutions instant messaging and conference call functionality.

42.     Huawei may have infringed the '194 Patent through other software utilizing the same or reasonably similar functionality, including other versions of instant message to voice conference initiation or implementations of the eSpace Unified Communications (UC) Solution. Uniloc reserves the right to discover and pursue all such additional infringement of the '194 Patent.  For the avoidance of doubt, the Huawei eSpace Unified Communications (UC) Solution is identified for exemplary purposes and in no way limits the discovery and infringement

allegations against Huawei concerning other hardware/software that incorporates the same or reasonably similar instant messaging and conference call functionality.

43.     In addition, should Huawei's products be found to not literally infringe the asserted claims of the '194 Patent, Huawei's products would nevertheless infringe the asserted claims of the '194 Patent.  More specifically, the Huawei accused products perform substantially the same function (contains instructions for implementing an instant message to voice call capability), in substantially the same way (comprising computer readable instructions contained or loaded into non-transitory memory), to yield substantially the same result (effecting an instant message to voice conference call).  Huawei would thus be liable for direct infringement under the doctrine of equivalents.

44.     Huawei has indirectly infringed and continues to indirectly infringe at least Claims 1, 2, 3, 4, and 5 of the '194 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importation of at least Huawei's eSpace Unified Communications (UC) Solution.  Huawei's customers who purchase systems and components thereof and operate such systems and components in accordance with Huawei's instructions directly infringe one or more claims of the '194 Patent in violation of 35 U.S.C § 271.

45.     Huawei instructs its customers in the use of the eSpace Unified Communications (UC) Solution through live and web demonstrations, training videos, brochures and administration, maintenance, installation and user guides, such as those located at the following:

http://e.huawei.com/us/marketing-material/onLineView?MaterialID={D8E0B98D-1084-4D27-B15B-8951696E9A33}

http://support.huawei.com/enterprise/docinforeader.action?contentId=DOC10 00068573&idPath=7881490|7881504|21460653|21460870|8196479

http://support.huawei.com/enterprise/docinforeader.action?contentId=DOC10
00068573&idPath=7881490|7881504|21460653|21460870|8196479

http://support.huawei.com/enterprise/docinforeader.action?contentId=DOC10
00073857&idPath=7881490|7881504|21460653|21460872|21126556

http://e.huawei.com/ae/marketing-
material/onLineView?MaterialID={B83B93BB-D596-42FC-9013-
EF4185432005}

http://e.huawei.com/us/marketing-
material/global/products/collaboration/uc/unified%20communications/hw_36
9751

http://e.huawei.com/en/marketing-
material/onLineView?MaterialID={8C31D361-8385-47E8-979E-
06BB7F83419B}

http://e.huawei.com/ae/marketing-
material/onLineView?MaterialID={9F6EAF7D-F1EC-4AAB-8DC3-
370547125765}

http://support.huawei.com/enterprise/docinforeader.action?contentId=DOC10
00073857&idPath=7881490|7881504|21460653|21460872|21126556

Huawei is thereby liable for infringement of the '194 Patent pursuant to 35 U.S.C § 271(b).

46.     Huawei has indirectly infringed and continues to indirectly infringe at least Claims 1, 2, 3, 4, and 5 of the '194 Patent, by among other things, contributing to the direct infringement of others, including without limitation customers of its eSpace Unified Communications (UC) Solution, by making, offering to sell, or selling, in the United States, or importing a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '194 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

47.     For example, the eSpace software module that allows clients to initiate a conference call from an instant message window is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process.

Furthermore, such software module is a material part of the invention, and upon information and belief, is not a staple article or commodity of commerce suitable for substantial non-infringing use. Thus, Huawei is liable for infringement pursuant to 35 U.S.C § 271(c).

48.     Huawei will have been on notice of the '194 Patent since, at the latest, the service of this complaint. By the time of trial, Huawei will thus have known and intended (since receiving such notice), that its continued actions would actively induce and contribute to actual infringement of at least Claims 1, 2, 3,4, and 5 of the '194 Patent.

49.     Uniloc has been damaged, reparably and irreparably, by Huawei's infringement of the '194 Patent and such damage will continue unless and until Huawei is enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Huawei as follows:

(A)     that Huawei has infringed the '948 Patent, the '000 Patent and the '194 Patent;

(B)     awarding Uniloc its damages suffered as a result of Huawei's infringement of the '948 Patent, the '000 Patent and the '194 Patent pursuant to 35 U.S.C. § 284;

(C)     enjoining Huawei, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '948 Patent, the '000 Patent and the '194 Patent pursuant to 35 U.S.C. § 283;

(D)     awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)     granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated:  March 4, 2016                    Respectfully submitted,


                                         /s/ Craig Tadlock
                                         Craig Tadlock
                                         Texas State Bar No. 00791766
                                         Keith Smiley
                                         Texas State Bar No. 24067869
                                         **TADLOCK LAW FIRM PLLC**
                                         2701 Dallas Parkway, Suite 360
                                         Plano, TX 75093
                                         Tel: (903) 730-6789
                                         Email: craig@tadlocklawfirm.com
                                         Email: keith@tadlocklawfirm.com

                                         Paul J. Hayes
                                         Kevin Gannon
                                         **CESARI AND MCKENNA, LLP**
                                         88 Black Falcon Ave
                                         Suite 271
                                         Boston, MA 02110
                                         Telephone: (617) 951-2500
                                         Facsimile: (617) 951-3927
                                         Email: pjh@c-m.com
                                         Email: ktg@c-m.com

                                         **ATTORNEYS FOR THE PLAINTIFFS**